IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY A. JAMISON,** | : | **CIVIL ACTION NO. 1:07-CV-0324** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **CAMPBELL CHAIN COOPER TOOL,** | : | |
| **Defendant** | : | |

## MEMORANDUM

The instant matter is an employment discrimination suit brought by plaintiff Shirley Jamison ("Jamison") against her former employer, defendant Campbell Chain Cooper Tool ("Campbell Chain"). Jamison alleges that Campbell Chain discharged her in violation of the Americans with Disabilities Act ("ADA") and retaliated against her in violation of Title VII of the Civil Rights Act of 1964. She also advances claims under Pennsylvania state law for breach of contract and intentional infliction of emotional distress. Campbell Chain has filed a motion to dismiss (Doc. 11) the complaint for failure to state a claim upon which relief can be granted. For the reasons herein, the motion will be granted in part and denied in part.

I.    **Statement of Facts**[1]

Jamison was formerly employed by Campbell Chain as a packer and material handler, a position requiring her to operate a forklift. (Doc. 1 ¶¶ 4, 8-10.) On March 10, 2005, she filed a short-term disability claim with Campbell Chain's insurance carrier, and one month later she was diagnosed with a herniated disc in her lower back. (Id. ¶¶ 11, 14.) Her medical condition prevented her from either sitting or standing continuously for more than twenty minutes and from lifting more than ten pounds. (Id. ¶ 12.) It also limited her ability to fulfill her employment duties and caused her to be frequently absent from work. (Id. ¶¶ 15-16.)

Jamison informed Campbell Chain of her condition, and the company handled her absences in accordance with its established attendance policy. The applicable policy prohibits employees from accumulating more than three days of unexcused absence in any four-month period or more than six days of unexcused absence within any six-month period. (Id. ¶¶ 17-18.) Employees who fail to comply are subject to various sanctions including discharge. (Id. ¶ 18.) On August 5, 2005, Campbell Chain terminated Jamison's employment, though she lacked a sufficient number of absences to qualify for this sanction under the attendance policy. (Id. ¶¶ 19-20.) Campbell Chain allegedly justified her discharge with attendance records that inaccurately represented the extent of her absenteeism. (Id. ¶ 21.) She

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

allegedly suffered emotional distress as a result of the discharge. (Id. ¶¶ 34-35.) She also forfeited her rights in Campbell Chain's employee retirement fund. (Id. ¶¶ 40-41.) After her discharge, she filed a claim for unemployment compensation, which Campbell Chain opposed without success. (Id. at 52-54.)

On February 20, 2007, Jamison commenced the instant suit alleging ADA and Title VII violations, breach of contract, and intentional infliction of emotional distress.[2] Campbell Chain has moved to dismiss all claims except that under the ADA. The parties have fully briefed these issues, which are now ripe for disposition.

## II.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of

---

[2]The complaint also advanced claims under Title VII and the Age Discrimination in Employment Act alleging that Campbell Chain discriminated against her on the basis of her race, which is African American, and her age, which is fifty-one. (Doc. 1 ¶¶ 4, 7-23, 44-49.) Campbell Chain has moved to dismiss these claims for failure to exhaust administrative remedies, and Jamison concedes that dismissal on these grounds is appropriate.

public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S.Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, --- U.S. at ---, 127 S. Ct. at 1969).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.    Discussion**

Campbell Chain moves to dismiss Jamison's claims for retaliation, intentional infliction of emotional distress, and breach of contract.  The court will address these issues *seriatim*.

**A.    Retaliation**

To state a prima facie case of retaliation, a plaintiff must allege that: (1) he or she engaged in a protected activity, (2) the employer subjected him or her to an adverse employment action, and (3) "a causal link exists between the protected activity and the adverse action."  Weston v. Pennsylvania, 251 F.3d 420, 430 (3d Cir. 2001); see also 42 U.S.C. § 2000e-3(a); Aguiar v. Morgan Corp., 27 F. App'x 110, 112 (3d Cir. 2002); Glenn v. Horgan Bros., Inc., No. 03-6578, 2005 WL 1503428, at *2 (E.D. Pa. June 24, 2005).  The adverse employment action must occur during the term of employment, and an employer's post-termination activity cannot provide the basis for a retaliation claim.  See Glanzman v. Metro. Mgmt. Co., 391 F.3d 506, 516 (3d Cir. 2004) ("Once [an individual's] employment [is] terminated, it [is] not possible for [the individual] to suffer adverse employment action."); Brenner v. Harleysville Ins. Cos., No. Civ. A. 01-08, 2002 WL 31185758, at *10 (E.D. Pa. Sept. 30, 2002) (noting the futility of a retaliation claim that relies exclusively on an employer's post-discharge activity).

In the present case, Jamison contends that she engaged in a protected activity when she filed a claim for unemployment benefits.  She alleges that Campbell Chain responded to her claim with a pattern of retaliatory conduct

beginning with its failure to accommodate her disability and culminating with its opposition to her unemployment claim. (Doc. 19 at 11 ("The retaliation against [p]laintiff was ongoing from the date [d]efendant was placed on notice of her limitations to and including her favorable unemployment compensation decision.")).

These allegations are insufficient to plead a claim for retaliation. Obviously, Campbell Chain's acts prior to the filing of Jamison's unemployment claim cannot qualify as an adverse employment action performed in response to the filing of the claim. Campbell Chain's opposition to the claim also cannot constitute an adverse action affecting Jamison's employment because she was no longer employed at the time it was submitted. Hence, it is logically impossible that Jamison's request for unemployment benefits had any adverse effect on her employment, and the motion to dismiss the retaliation claim will be granted. Plaintiff will be permitted to file an amended complaint alleging a protected activity that directly caused Campbell Chain to retaliate against her during the term of her employment.

### B.  Intentional Infliction of Emotional Distress

Jamison maintains a claim for intentional infliction of emotional distress ("IIED")[3] arising from her discharge and from Campbell Chain's failure to accommodate her disability. The company argues that the Pennsylvania Workers'

---

[3] IIED requires the plaintiff to establish that: (1) the defendant's conduct was intentional or reckless, (2) the defendant's conduct was extreme and outrageous, (3) the defendant's conduct caused emotional distress, and (4) the resultant emotional distress was severe. Brufett v. Warner Commc'ns, Inc., 692 F.2d 910, 914 (3d Cir.1982).

Compensation Act ("WCA"), 77 PA. STAT. ANN. §§ 1-2708, preempts this claim.

The WCA provides the exclusive remedy "for injuries allegedly sustained during the course of employment." Matczak v. Frankford Candy & Chocolate Co. 136 F.3d 933, 940 (3d Cir. 1997) (quoting Dugan v. Bell Tel., 876 F. Supp. 713, 723 (W.D. Pa. 1994)); see also 77 PA. STAT. ANN. § 481(a). It bars claims for injuries occurring in the workplace unless the harm resulted from "the intentional conduct of third parties for reasons personal to the tortfeasor and not directed against [the plaintiff] as an employee or because of employment." Durham Life Ins. Co. v. Evans, 166 F.3d 139, 160 (3d Cir. 1999) (citing 77 PA. STAT. ANN. § 411(1)); Demshick v. Del. Valley Convalescent Homes, Inc., No. 05-2251, 2005 WL 1923604, at *2 (E.D. Pa. Aug. 9, 2005). To invoke this so-called personal animus exception, the plaintiff must demonstrate that an individual *other than the employer* acted in a tortious manner unrelated to the plaintiff's status as employee. See Churchray v. Park Place Enters., No. 06-CV-531, 2006, WL 1865001, at *2 (E.D. Pa. June 30, 2006.). "The 'critical inquiry' in determining whether the personal animus exception applies 'is whether the attack was motivated by personal reasons, as opposed to generalized contempt or hatred, and was sufficiently unrelated to the work situation so as to not arise out of the employment relationship.'" Id. (quoting Fugarino v. Univ. Servs., 123 F. Supp. 2d 838, 844 (E.D. Pa. 2000); see also Abbott v. Anchor Glass Container Corp., 758 A.2d 1219, 1224 (Pa. Super. Ct. 2000) (reiterating that the personal animus exception applies only to claims that are wholly unrelated to the employment relationship).

In the instant case, Jamison alleges that "[t]he acts of discrimination and unwarranted discipline" by Campbell Chain provide the foundation for her IIED claim. (Doc. 1 ¶ 32.) She alleges that the company failed to accommodate her disability and discharged her through faulty application of its attendance policy. Such actions derive entirely from Jamison's employment relationship with Campbell Chain. Her opposing brief further confirms that her IIED claim arises from "the *intentional acts of the employer* in not providing her with a reasonable accommodation" for her disability, (Doc. 19 at 4 (emphasis added)), which "*force[d] her] to work* beyond [her] physical and mental capabilities," (id. at 6 (emphasis added)). Clearly, Jamison's claim for IIED arises from Campbell Chain's conduct with respect to her employment and the conditions thereof. The court finds that it is preempted by the WCA and does not qualify for the personal animus exception to the statute. Campbell Chain's motion to dismiss will be granted, and Jamison will be permitted to file an amended complaint alleging injury unrelated to the employment relationship.[4]

---

[4] Assuming *arguendo* that Jamison's claim were not barred by the WCA, dismissal would nevertheless remain an appropriate disposition of the claim. An IIED plaintiff must demonstrate that the plaintiff suffered physical symptoms resulting from the distress. See Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1122-23 (Pa. Super. Ct. 2004) (noting that an IIED plaintiff must prove that he or she suffered "physical harm due to the defendant's's outrageous conduct"). Jamison has not averred physical manifestations of her distress and has therefore failed to plead a claim for IIED.

## C. **Breach of Contract**

Campbell Chain lastly seeks dismissal of Jamison's breach of contract claim, which appears to advances two separate contractual violations. The first arises from Campbell Chain's personnel policies, which allegedly represented that the company would not arbitrarily terminate Jamison's employment. The second contract governs Campbell Chain's employee retirement fund, in which Jamison is no longer able to participate. She contends that her allegedly arbitrary discharge violated both contracts. Campbell Chain moves to dismiss both breach of contract claims and argues that the later is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.

### 1. **Breach of Contract by Termination**

"Three elements are necessary to plead properly a cause of action for breach of contract: [(1)] the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages." J.F. Walker Co. v. Excalibur Oil Group, 792 A.2d 1269, 2002 (Pa. Super. Ct. 2002) (internal quotations omitted, alteration in original). Under Pennsylvania law, all employment is performed at the will of both the employer and employee, either of whom may terminate the relationship at any time. See Smith v. Calgon Carbon Corp., 917 F.2d 1338, 1341 (3d Cir. 1990). An employer's handbook may alter this relationship "if a reasonable person in the employee's position would interpret its provisions as evidencing the employer's intent to supplant the at-will rule and be bound legally by its representations in the handbook. The handbook must contain

9

a clear indication that the employer intended to overcome the at-will presumption." Bauer v. Pottsville Area Emergency Med. Servs., 758 A.2d 1265, 1269 (Pa. Super. Ct. 2000). The resulting relationship is a contract of employment governed by the handbook provisions. Id.

In the instant matter, Jamison alleges that Campbell Chain's handbooks and personnel policies represented that the company would not discharge her provided that she adequately performed her employment duties.[5] These representations allegedly constituted assurances of continued employment, which Campbell Chain breached by discharging her based upon erroneous attendance records. The court finds that a reasonable employee who received handbooks assuring continued employment contingent upon satisfactory job performance could believe that a contract existed with the employer. The complaint therefore pleads a claim for breach of contact, and the motion to dismiss will be denied.

## 2. **Breach of Contract by Denial of Pension Rights**

ERISA "applies to any employee benefits plan" offered "by any employer engaged in commerce," 29 U.S.C. § 1003(a)(1), and it preempts state laws governing employee benefits insofar as they apply to plans within its coverage. Id. § 1144(a); Levine v. United Healthcare Corp., 402 F.3d 156, 164 (3d Cir. 2005). A plaintiff may advance a state law action that implicates an employee benefit plan only if it qualifies for one of ERISA's exemptions. See, e.g., 29 U.S.C. § 1003(b) (listing

---

[5] Neither party has provided the court with the handbooks or policies that contain these purported employment guarantees.

statutory exemptions of ERISA); <u>Metro. Life Ins. Co. v. Price</u>, 501 F.3d 271, 274 (3d Cir. 2007) (noting that qualified domestic relations orders, which permit alternate payees to receive benefits under a particular plan, are excluded from ERISA); <u>Kollman v. Hewitt Assocs.</u>, 487 F.3d 139, 149 (3d Cir. 2007) (observing same with respect to state law malpractice claims brought by or on behalf of ERISA plans).

In the present case, Jamison alleges that Campbell Chain deprived her of rights in its "employee retirement fund." (Doc. 1 ¶ 40) The precise nature of the benefits under this plan does not appear in the complaint, nor has she provided the court with a copy of the plan upon which she bases the contract claim. Further, the complaint does not clearly state whether she seeks to recover funds from the retirement plan or whether she simply relies upon her participation in the plan to supply consideration for the alleged employment contract described in Part III.C.1, <u>supra</u>. Without such information, the court is unable to conclude that Jamison's breach of contract claim is preempted by ERISA at this juncture. Discovery regarding this claim will allow the parties to develop a more complete record and

describe the precise grounds upon which the claim rests at a later time.[6] Accordingly, the motion to dismiss plaintiff's breach of contract claim arising from her rights in a benefits plan will be denied.

## IV.  Conclusion

The motion to dismiss plaintiff's retaliation claim will be granted because the complaint fails to allege that Campbell Chain perpetrated an adverse employment action as the result of any protected activity by Jamison.  Her claim for IIED will be dismissed as preempted under Pennsylvania's WCA.  The motion to dismiss her breach of contract claims will be denied.

An appropriate order follows.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

Dated:     March 27, 2008

---

[6] The court notes that any claim seeking to recover funds in a pension benefit plan governed by ERISA would unquestionably be foreclosed by the statute's preemption provisions.  See, e.g., Lesane v. Aloha Airlines, Inc., 226 F. App'x 693, 699-700 (9th Cir. 2007) (holding that ERISA preempted employee's breach of contract claim based on employer's failure to pay severance and insurance benefits); Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) ("A party's state law claim 'relates to' an ERISA benefit plan for purposes of ERISA preemption whenever the alleged conduct at issue is intertwined with the refusal to pay benefits."); Kishter v. Principal Life Ins. Co., 186 F. Supp. 2d 438, 446-47 (S.D.N.Y. 2002) (noting that state law breach of contract claims for failure to pay employee benefits are preempted by ERISA's exclusivity provisions).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY A. JAMISON**, | : | **CIVIL ACTION NO. 1:07-CV-0324** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **CAMPBELL CHAIN COOPER TOOL**, | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 27th day of March, 2008, upon consideration of the motion to dismiss (Doc. 11), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion (Doc. 11) is GRANTED IN PART and DENIED IN PART as follows:

1. The motion is GRANTED with respect to plaintiff's claims for retaliation, intentional infliction of emotional distress, disparate treatment, and age discrimination. Plaintiff may file an amended complaint asserting renewed claims for retaliation or intentional infliction of emotional distress on or before April 25, 2008.

2. The motion is in all other respects DENIED.

                                                              S/ Christopher C. Conner
                                                           CHRISTOPHER C. CONNER
                                                           United States District Judge