IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHIRLEY A. JAMISON**, | : | CIVIL ACTION NO. 1:07-CV-0324 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CAMPBELL CHAIN COOPER TOOLS**, | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 24th day of July, 2008, upon consideration of defendants' motion (Doc. 26) to compel and to extend the pretrial and trial schedule, to which no certificate of concurrence was attached, see L.R. 7.1, and which seeks an order of court compelling the United States Social Security Administration ("SSA"), to produce subpoenaed records pertaining to plaintiff's application for and receipt of disability benefits following her April 2005 diagnosis for a herniated disc, and it appearing that plaintiff has executed a written consent form[1] authorizing disclosure of such records to defendants, see (Doc. 26, Ex. A); 20 C.F.R. § 401.100(a) (stating that the SSA "will not disclose your records without your written consent"); see § 401.100(b) ("The written must clearly specify to whom the information may be

---

[1] The written consent form filed by defendants contains plaintiff's unredacted social security number. This filing fails to comply with Rule 5.2(a) of the Federal Rules of Civil Procedure and Rule 5.2(d) of the Local Rules of Court, both of which require redaction of all save the final four digits of social security numbers. The court will direct that the copies of the written consent form be sealed due to the inclusion of this sensitive information. Henceforth, the court expects that all documents filed by both parties will comply with the redaction requirements of the Federal Rules of Civil Procedure and the Local Rules of Court.

disclosed [and] the information you want us to disclose. . . ."), and it further appearing that the SSA has neither provided the subpoenaed materials nor articulated a reason for its failed compliance, and that the discovery deadline currently expires on August 1, 2008, (see Doc. 24), it is hereby ORDERED that:

1. Defendant's counsel shall file forthwith a certificate of concurrence apprising the court whether counsel for plaintiff opposes the motion. See L.R. 7.1.

2. On or before July 31, 2008, counsel for defendant shall serve upon an appropriate officer of the SSA a copy of this order, the subpoena, and plaintiff's written consent form.  Service shall be executed via certified mail.  Upon completion of service, counsel shall file a certificate reflecting proof thereof.  If the SSA thereafter provides the subpoenaed documents, defendant's counsel shall likewise file a notice reflecting this compliance.

3. If, after service of this order, SSA opposes the subpoena, it shall file a summary brief on or before August 8, 2008 detailing the bases of and legal support for its opposition.  Failure to either comply with the subpoena request or to file an opposition brief may result in the granting of defendant's motion to compel (Doc. 26).

4. The discovery deadline in the above-captioned matter is EXTENDED to August 29, 2008.[2]  A complete revised pretrial and trial schedule shall issue upon resolution of the motion to compel (Doc. 26).

5. The Clerk of Court is directed to SEAL Exhibits A, B, and C (Docs. 26-2, 26-3, 26-4) appended to defendant's motion to compel (Doc. 26).

  S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

---

[2] This extension will accommodate the discovery schedule pending the service and briefing schedule established by this order.  The court will address defendant's motion for a lengthier, sixty-day extension, (see Doc. 26 at 5), after resolution of the pending subpoena dispute and after receipt of the certificate of concurrence described in Paragraph 1.